**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0581n.06

No. 12-6147

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Jun 17, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| RICKY HUGHES, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE:  BOGGS and SUHRHEINRICH, Circuit Judges; MURPHY, District Judge.[*]

PER CURIAM.  Ricky Hughes appeals his sentence.

Hughes pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  The district court sentenced him to 37 months in prison, to be followed by two years of supervised release.  While Hughes was serving his term of supervised release, a probation officer filed a petition in the district court, alleging that Hughes violated the conditions of his supervised release by participating in an armed robbery and kidnapping, using marijuana, and failing to comply with the requirements of his drug-treatment program.  The district court conducted a revocation hearing and determined that Hughes committed the alleged violations.

Based on his Grade A violation and his criminal history category of V, Hughes's guidelines range of imprisonment was 30 to 37 months.  He was subject, however, to a statutory maximum

---

[*]The Honorable Stephen J. Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

sentence of 24 months, which became the guidelines range. The district court revoked Hughes's supervised release and sentenced him to 24 months in prison.

On appeal, Hughes argues that his sentence is procedurally unreasonable because the district court failed to consider the sentencing factors set forth in 18 U.S.C. § 3553(a) and failed to adequately explain the basis for the sentence. We review sentences imposed following revocation of supervised release under an abuse-of-discretion standard for reasonableness, which has both a procedural and a substantive component. *United States v. Kontrol*, 554 F.3d 1089, 1092 (6th Cir. 2009). A sentence may be procedurally unreasonable where a district court fails to consider the § 3553(a) factors or fails to adequately explain the chosen sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007).

Hughes's sentence is procedurally reasonable. In imposing the sentence, the district court considered the applicable guidelines range and explained that a significant sentence was necessary due to the number of violations, the serious nature of Hughes's conduct, and the fact that he is a danger to the public. The court was not required to explicitly consider each of the § 3553(a) factors, and, given the straightforward nature of the case and the imposition of a within-guidelines sentence, the court's explanation of the sentence was sufficient. *See United States v. Duane*, 533 F.3d 441, 451-52 (6th Cir. 2008).

Accordingly, we affirm the sentence.